UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 2008-234 (WOB)**

JOHN DECOTIA BURLEW                                              PLAINTIFF

VS.                           **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT


This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 10) and the cross-motion for summary judgment of the defendant (Doc. 11).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past relevant work, he is not

disabled if he can perform other work which exists in the national economy.  Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the hearing, the claimant was thirty-nine years old.  The claimant completed the eighth grade, but he was in special education classes.  He has no past relevant employment.

The claimant has filed five previous applications for disability.  His fifth and sixth applications are currently before the court.[1]  On March 15, 2006, the ALJ denied his fifth application, filed September 1, 2004, finding that he was not disabled under the Act.  The Appeals Council denied review, and the claimant filed an appeal with the United States District Court for the Eastern District of Kentucky.  Burlew v. Social Security, 06-265-GWU (E.D. Ky. 2007).  After consideration of the administrative record, the court remanded the case to the Commissioner for further consideration and a new decision.

While that case was pending, the plaintiff filed a new

---

[1] On August 2, 2002, an ALJ issued a favorable decision to the plaintiff awarding him a closed period of disability from November 22, 1997 to November 22, 1998. Pursuant to the doctrine of res judicata, that decision stands as the final decision of the Commissioner with respect to claimant's disability status up to the date of the decision: August 2, 2002.  Because plaintiff's claim is for Supplemental Security Income, he is not entitled to benefits for any period prior to his application date.  Thus, the relevant time period covered by the current applications is September 1, 2004, the date he filed his fifth application for disability.

application on June 19, 2006, alleging disability since March 16, 2006.  The ALJ consolidated the fifth application, which was remanded by the Court, with the new application.  The ALJ concluded, after a hearing, that the plaintiff is not disabled under the Act.  The Appeals Council affirmed and the claimant appealed the ALJ's decision to this court.

The claimant alleges he is disabled as a result of pain, borderline intellectual functioning and from the functioning limitations caused by having only one kidney. In 1986, the claimant was shot in the leg by his brother. He states that, as a result of the shooting, he had surgery and a rod inserted.  In 1998, the claimant was in a serious motor vehicle accident, which resulted in his having pins and plates placed in his cervical vertebrae and rods placed in his left thigh and lumbar spine. Despite recovering well with physical therapy, the claimant alleges he suffers from chronic pain in the back, neck and legs.

The claimant also has just one kidney, having had the other kidney removed when he was three. In addition, he has borderline intellectual functioning with a limited ability to read and write.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert.  Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity

4

since September 1, 2004.  At step two, the ALJ determined that the claimant has the following severe impairments: "borderline intellectual functioning; history of polysubstance abuse, allegedly in short term remission, neck, back and leg pain status post a motor vehicle accident which occurred in the 1990s with mild degenerative disc disease at L3-L4 and L4-L5, and status post a gunshot wound to the right leg."

At step three, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.  Prior to step four, the ALJ determined that the claimant had the residual functional capacity ("RFC") for a limited range of light work.  At step four, the ALJ found that the claimant had no past relevant work and, therefore, moved on to step five.

At step five, the ALJ, relying on the testimony of the vocational expert, found that a significant number of jobs existed in the national economy that the claimant could perform, including: food preparation worker (10,000 jobs in the local economy and 856,000 jobs in the national economy)and machine operator (5,070 jobs in the local economy and 379,000 jobs in the national economy).

The claimant argues that the ALJ erred in not properly evaluating his pain as a basis for his disability.  Pain alone, if the result of a medical impairment, may be severe enough to constitute disability.  <u>Kirk v. Secretary of H.H.S.</u>, 667 F.2d

5

524, 538 (6th Cir. 1981). In order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary of H.H.S., 801 F.2d 847, 852-53 (6th Cir. 1986). See also Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir. 1994); Jones v. Secretary of H.H.S., 945 F.2d 1365, 1369 (6th Cir. 1991). This test, however, "does not require . . . 'objective evidence of the pain itself.'" Duncan, 801 F.2d at 853. Where a complaint of pain is not fully supported by objective medical findings, the Commissioner should consider the frequency and duration of pain, as well as other precipitating factors including the effect of the pain upon plaintiff's activities, the effect of plaintiff's medications and other treatments for pain, and the recorded observations of pain by plaintiff's physicians. Felisky, 35 F.3d at 1039-40. Where there is substantial evidence supporting and opposing a finding of disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the case at bar, the ALJ determined that there is objective medical evidence of an underlying medical condition

that could cause the claimant's pain. However, the ALJ found that the objective medical evidence does not confirm the severity of pain alleged by claimant. The ALJ stated:

> The claimant's medical history from 1998 through 2000 shows that he sought treatment about 4 times per year for musculoskeletal pain complaints, including at different times, back, leg, shoulder, and hip pain. In reviewing the longitudinal record, I note that the claimant's medical workups showed very modest findings and that the claimant was treated conservatively with non steroid anti-inflammatory drugs. For example, in August 1999, physical examination revealed lower back tenderness, but straight leg raise was negative and there were no neurological deficits. X-rays of the lumbar spine in January 2000 showed no disc herniation or stenosis and deficits. X-rays of the lumbar spine in January 2000 showed no disc herniation or stenosis and mild disc bulge at the L3-L4 and L4-L5 disks. X-rays of the claimant's right femur in May of 2000 showed an old healed fracture with intramedullary rod in good position and alignment and no fracture or dislocation. Throughout this time, the claimant was treated conservatively with non steroid anti-inflammatory drugs such as Ultram, Vioxx, and Anaprox. At the claimant's request, he was given a referral to the University of Kentucky Pain clinic (Exhibits E4F, E9F).
>
> During the time period pertinent to this decision the evidence shows that the claimant has been seen about one time per year for back, leg, or hip pain. The claimant was treated at the James B. Haggin Memorial Hospital emergency room on May 26, 2003 for right leg pain secondary to a fall down some stairs. X-rays of the pelvis and right femur showed mild degenerative skeletal changes with no evidence of acute fracture. The claimant was treated with Lortab and was prescribed Toradol (Exhibit E1F). On January 14, 2005 the claimant was seen for chronic hip and leg pain. He was prescribed Mobic, 7.5 milligram. On February 15, 2006 the claimant was again seen for back pain and was again treated with non steroid anti-inflammatory drugs (Exhibit F3F).
>
> Finally, in a consultative examination on December 18, 2004, the claimant was evaluated for complaints of generalized neck, back and leg pain secondary to motor vehicle accidents. Physical examination was within normal limits, as was orthopedic examination. The claimant had normal gait and station without evidence of motor dysfunction, sensory loss or reflex abnormalities. He did not use a cane or assistive device for ambulation. He had normal gross manipulation and grip strength. He had the ability to

7

>       perform activities involving sitting, standing, moving
>       about, lifting carrying, handling objects, hearing, seeing,
>       speaking and traveling (Exhibit E4F).

(AR 378-79).

In addition, the ALJ found that the claimant's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible. The claimant argues that the ALJ erred in this credibility determination because he did not give specific reasons for the credibility finding.

The court finds, however, that the ALJ gave reasons for his finding by explaining how the medical evidence does not support the extreme limitations claimed by the claimant. As discussed above, the ALJ analyzed the medical records and found that the infrequent treatments during the pertinent time period, once a year, did not support his claims of disabling pain.

In addition, the ALJ noted that, at his August 29, 2006 consultative psychological examination, the claimant reported that he walks a quarter of a mile to a half a mile every day, and visits with a friend down the road every other day. In 1995, He told Dr. Baldwin that he fished and hunted whenever he wanted, watched a lot of television and attended rooster fights. This evidence all supports the ALJ's findings that the claimant's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible.

The Sixth Circuit has held that this court must give due weight to the ALJ's credibility determinations. Berry v. Commissioner of Social Sec., 289 Fed. Appx. 54, 55 (6th Cir.

8

2008).  "Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" Id. (quoting Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 538 (6th Cir. 1981) (quoting Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir. 1978)).  Accordingly, the court finds that the medical evidence in the record and the statements from the claimant as to his daily activities support the ALJ's credibility determination.

The claimant also argues that the ALJ erred in not adequately considering his pulmonary impairment and its affect on his ability to perform a range of light or sedentary work.  There is no evidence, however, that the claimant suffers from a pulmonary impairment.  In addition, the claimant did not assert in disability report (AR 66) that his inability to work was caused by a pulmonary impairment.  Thus, the court finds that the claimant has not set forth sufficient facts or evidence to establish that he suffers from such an impairment.

If, however, the claimant meant to argue the ALJ erred in evaluating the effect that having one kidney, the only other physical condition asserted other than pain, has on his ability to function, this argument also fails.  The ALJ reviewed the medical evidence and concluded that the claimant did not suffer any functional limitations from having only one kidney. Specifically, the ALJ stated:

> While the record documents that the claimant has had one kidney removed, no functional limitations are established in

9

>conjunction with this condition. The claimant had his right kidney removed at age 3. The medical evidence of record reflects that the claimant was last treated for kidney related issues in June and July of 1999, at which time he had kidney stones; a renal ultrasound revealed a cyst. These conditions were treated and there were no residual restrictions or limitations. Clinical studies on August 16, 1999 were unremarkable. X-rays of the left kidney on that date were unremarkable. There was no evidence of obstruction of left ureter, nor associated hydronephrosis. A CT scan on August 28, 1999, showed no evidence of ureterolithiasis and no hydronephrosis (Exhibit 9F). He record odes not reflect any further treatment related to the claimant's kidney as of September 1, 2004. In a consultative examination on December 18, 2004, the claimant denied having any significant renal problems as a result of having one kidney (Exhibit E4f). Thus, the claimant fails to establish that this alleged impairment is severe with the meaning of 20 CFR 404.1521 and 416.921.

(AR 373).

The court finds that the ALJ did consider all of the claimant's impairments in determining what limitations they imposed on his ability to function and that the ALJ's determination that the claimant is not disabled is supported by substantial evidence.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not

disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 10) be, and it hereby is, **denied**; and that the cross-motion for summary judgment of the defendant (Doc. 11) be, and it hereby is, **granted**. That a separate Judgment shall enter concurrently herewith.

This 26th day of January, 2009.



Signed By:
*William O. Bertelsman* WOB
United States District Judge